Filed 10/28/24  P. v. Rodriguez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL RODRIGUEZ,<br><br>    Defendant and Appellant. | B330433<br><br>(Los Angeles County<br>Super. Ct. Nos. VA138449, VA139309) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Joseph R. Porras, Judge.  Reversed and remanded with directions.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In 2016, Daniel Rodriguez pled no contest to charges in two criminal cases, and admitted various prior conviction allegations. His agreed-upon sentence included a one-year prior prison term enhancement under Penal Code[1] section 667.5, subdivision (b). In 2023, following the enactment of section 1172.75, the trial court struck the prior prison term enhancement, but declined to hold a full resentencing hearing.  On appeal, Rodriguez contends, and the Attorney General concedes, that the trial court erred because section 1172.75 requires a full resentencing even in plea bargain cases.  The Attorney General also asserts that the People are entitled to withdraw from the plea agreement upon further resentencing.  We reverse and remand for the trial court to conduct a full resentencing, but decline to offer our opinion on whether the People may withdraw from the plea agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Rodriguez entered into a negotiated plea agreement in two separate cases filed in Los Angeles County Superior Court.  In case No. VA138449, Rodiguez pled no contest to two counts of first degree residential burglary (§ 459). Rodriguez also admitted he suffered one prior "strike" conviction under the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12), one prior serious felony conviction under section 667, subdivision (a)(1), and one prior prison term within the meaning of section 667.5, subdivision (b).  In case No. VA139309, Rodriguez pled no contest to one count of resisting an executive

---

[1]      Unless otherwise stated, all further undesignated statutory references are to the Penal Code.

2

officer (§ 69), and admitted he suffered one prior "strike" conviction under the Three Strikes law.

In accordance with the parties' plea agreement, the trial court sentenced Rodriguez to an aggregate term of 22 years in state prison consisting of: a term of six years doubled to 12 years on the first burglary count; a consecutive term of 16 months doubled to two years and eight months on the second burglary count; a consecutive term of eight months doubled to one year and four months on the resisting an executive officer count; a five-year enhancement under section 667, subdivision (a)(1); and a one-year enhancement under section 667.5, subdivision (b).

In 2022, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Rodriguez's sentence was eligible for review under section 1172.75. After Rodriguez's counsel filed a motion requesting a full resentencing, the trial court set the matter for a hearing.

On May 5, 2023, the trial court held the hearing on the resentencing request. The court struck the one-year prior prison term enhancement imposed under section 667.5, subdivision (b). The court declined, however, to hold a full resentencing hearing because the original sentence was pursuant to a plea agreement.

Rodriguez timely appealed.

## DISCUSSION

On appeal, Rodriguez argues the trial court erred in refusing to conduct a full resentencing under section 1172.75. The Attorney General agrees Rodriguez is entitled to a full resentencing hearing, but asserts the People should be allowed to withdraw from the plea agreement upon further resentencing.

Section 667.5, subdivision (b), previously required the trial court to impose a one-year sentence enhancement for each true

3

finding that the defendant served a separate prior prison term and did not remain free of custody for at least five years.  (Former § 667.5, subd. (b).)  However, effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b), to limit the enhancement to prior prison terms served for sexually violent offenses.  (Stats. 2019, ch. 590, § 1.)  Then, effective January 1, 2022, Senate Bill No. 483 made those amendments retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12).

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)  If an incarcerated defendant is serving a sentence that includes a legally invalid enhancement, "the court shall recall the sentence and resentence the defendant."  (*Id*., subd. (c).)  In resentencing the defendant, the "court shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id*., subd. (d)(2).)

California appellate courts have held that, "[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; accord, *People v. Coddington* (2023) 96 Cal.App.5th 562, 568 (*Coddington*); *People v. Carter* (2023) 97 Cal.App.5th 960, 968 (*Carter*); *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662 (*Montgomery*); *People v. Hernandez* (2024) 103 Cal.App.5th 981, 990, review granted Oct. 2, 2024, S286527 (*Hernandez*).)  A full resentencing hearing is required

4

even where the defendant's original sentence resulted from a plea agreement. (See, e.g., *Carter*, at p. 972 [defendants eligible for relief "under section 1172.75 must be provided an opportunity for full resentencing . . . regardless of whether their sentence resulted from a plea agreement"]; *Hernandez*, at p. 986 ["trial court was required to conduct a resentencing under the express provisions of section 1172.75, even in plea bargain cases"].)

In this case, the trial court properly struck the one-year prior prison term enhancement, but concluded that Rodriguez was not entitled to a full resentencing because his original sentence resulted from a plea agreement. As the Attorney General concedes, remand is required because the trial court erred in declining to hold a full resentencing hearing. On remand, the trial court must conduct a full resentencing for Rodriguez in compliance with section 1172.75.

The Attorney General contends that, if the trial court is inclined to further reduce Rodriguez's sentence on remand, then the People are entitled to withdraw from the plea agreement. There is a split of authority on this issue, and it is currently pending before the Supreme Court. (See *Carter*, *supra*, 97 Cal.App.5th at p. 977 [holding the prosecution may not withdraw from the plea agreement if the court imposes a lower sentence on resentencing]; *Montgomery*, *supra*, 100 Cal.App.5th at p. 774, review granted [same]; *Hernandez*, *supra*, 103 Cal.App.5th at p. 992, review granted [same]; but see *Coddington*, *supra*, 96 Cal.App.5th at p. 565 [holding the prosecution may withdraw from the plea agreement if the court indicates it is inclined to further reduce defendant's sentence].)

We decline to reach this issue here as it is unnecessary to resolve Rodriguez's appeal. However, pending further guidance

from the Supreme Court, the prosecution may argue it is entitled to withdraw from the plea agreement on remand.

## DISPOSITION

The order denying Rodriguez's request for a full resentencing hearing is reversed, and the matter is remanded for the trial court to conduct a full resentencing in accordance with section 1172.75.  Upon conclusion of the new sentencing hearing, the trial court is directed to prepare and transmit a new abstract of judgment to the CDCR.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


GRIMES, J.